IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CALVIN WOOD, | : | |
| Plaintiff, | : | Case No. 3:08CV247 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| Two Workers for the U.S. Postoffice at Evansville, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

### REPORT AND RECOMMENDATIONS[1]

This action is before the Court for review prior to issuance of process. Plaintiff, Calvin Wood was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") provides in part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

complaint is "frivolous," the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact? It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997).

Wood, proceeding *pro se*, has sued two workers for the U.S. Postoffice at Evansville Indiana and several federal judges and states: "I HAVE INFORMATION THAT ALL THE PEOPLE ABOVE ARE DRUG DEALERS ENGAGED IN WHITE SLAVERY AND ROUTINELY RAN THE NUMBERS." (Doc. # 1 at 1). Wood complains that his mail has been stolen and used by various federal judicial officers and others for nefarious reasons. Finally Wood requests that a "permanent injunction [be] placed upon their illegal acts as stated above and to always prohibit said illegal acts and upon failure to do that let my relatives be made available to pop them off." (Doc. # 1 at 5).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous, malicious or fails to state a claim. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing the Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the

Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

   Wood's Complaint should be dismissed under §1915(e)(2)(B) because it is frivolous or malicious; fails to state a claim upon which relief can be granted; seeks relief against defendants who are immune from such relief. Additionally, all of the actions complained of occurred in the Southern District of Indiana and venue is improper in this Court.

### IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Wood's Complaint be **DISMISSED with prejudice**; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies Mr. Wood leave to appeal *in forma pauperis*.


July 16, 2008                                s/Sharon L. Ovington
                                             Sharon L. Ovington
                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).